IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST, | No. 2:23-CV-0179-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| ALLEN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

1   concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to
2   Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice
3   of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,
4   1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity
5   overt acts by specific defendants which support the claims, vague and conclusory allegations fail
6   to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening
7   required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Allen, Warden; (2) Godinez, Sergeant; (3) I. Perez, Correctional Officer; and (4) M. Strange, Correctional Officer. See ECF No. 1, pg. 1. Plaintiff does not indicate whether the named Defendants are being sued in their individual and/or official capacities. As best as the Court can decipher from the facts alleged, Plaintiff alleges various violations under the Eighth Amendment. See generally, ECF No. 1.

Plaintiffs first alleges a conditions-of-confinement claim regarding flooding in his cell. See ECF No. 1, pg. 2. Specifically, Plaintiff contends that the water in his cell caused him to slip and fall, causing injury to his head, treatment of which allegedly necessitated placement of screws in his neck. See id., pg. 4. Plaintiff states that he submitted numerous grievances regarding the flooding in his cell, but all were subsequently ignored. See id., pg. 2.

Next, Plaintiff references an incident whereby he was placed in an MRI machine with handcuffs and leg chains on. See id. Plaintiff alleges that the individual operating the machine attempted to murder him by not saying anything when Plaintiff was put into the machine with restraints. See id. Plaintiff does not name the individual responsible for operating the MRI machine in his complaint.

Plaintiff further alleges that Defendants Godinez, Strange, and Perez used excessive force when they shackled Plaintiff's feet and threw him in a van for transport. See id. Plaintiff contends that by dragging him and forcing him into the van, Defendants caused Plaintiff injury. See id. Specifically, Plaintiff states that he cannot get comfortable or sleep at night due to

severe swelling.  See id.

Lastly, Plaintiff states that Dr. Qingbo Sui and RN Madera – who are not named as defendants – refused to treat his physical injuries, instead asking him only psychiatric questions. See id., pg. 3. Plaintiff also apparently contends that Dr. Qingbo Sui is trying to set Plaintiff up in retaliation for a lawsuit that Plaintiff filed previously. See id., pg. 4. Specifically, Plaintiff states that every time he tries to speak with Dr. Qingbo Sui, the assigned correctional officer turns his camera off.  See id., pg. 4.

## II.  DISCUSSION

The Court finds that Plaintiff's complaint states cognizable excessive force claims against Defendants Godinez, Perez, and Strange.  Plaintiff has not, however, alleged sufficient facts to establish the liability of the prison warden, Defendant Allen.  Nor has Plaintiff alleged facts to show a causal connection between a named defendant and his claims related to the condition of confinement, being placed in an MRI machine, medical care, and retaliation.

### A.  Supervisor Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

///

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff names as a defendant the prison warden, Allen. Plaintiff has not, however, included in the complaint any allegations as to Defendant Allen's personal involvement in any of the claims raised. Plaintiff will be provided an opportunity to amend.

**B.     Causal Connection**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff asserts a conditions-of-confinement claim related to flooding in his cell, but Plaintiff does not name any individual who is allegedly responsible. Similarly, Plaintiff alleges that he was improperly placed in an MRI machine while still in handcuffs, but he does not allege who is responsible. Additionally, Plaintiff alleges that Sui and Madera are responsible for a denial of medical care and retaliation, but these individuals are not named as defendants. Plaintiff will be provided leave to amend to cure these defects and clarify his pleading as to these

claims/individuals.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  July 24, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE