IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>    Plaintiff,<br><br>    v.<br><br>PEREZ, et al.,<br><br>    Defendants. | No. 2:23-CV-0179-DAD-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 13.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library

access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that appointment of counsel is warranted because (1) Plaintiff's physical impairments such as blindness in one eye and head trauma; (2) diagnosed dyslexia; (3) limited access to the law library; (4) low cognitive functioning; and (5) Plaintiff's limited knowledge of the law. Plaintiff's motion fails to establish that his impairments constitute an exceptional circumstance preventing him from prosecuting this action pro se. As to Plaintiff's blindness, the documentation does not establish any limitation associated with this disability. None of the documentation attached to Plaintiff's motion indicates that Plaintiff has a learning disability. Further, a review of Plaintiff's filings to date reflects that Plaintiff has been able to sufficiently articulate his claims on his own or with assistance provided by the prison law library or other inmates.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 13, is denied.

Dated:  December 4, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE