**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CARL FOUST,

          Plaintiff,

    v.

I. PEREZ, et al.,

          Defendants.

No.  2:23-CV-0179-DAD-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status.  See ECF No. 102.  Defendants argue that Plaintiff is not entitled to proceed in forma pauperis because he had three or more actions dismissed as a "strike" before initiating the instant lawsuit.  See id.  Defendants have filed a request for judicial notice in support of their motion.  See ECF No. 103.  Plaintiff has not filed a substantive opposition to Defendants' motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se civil rights complaint on January 30, 2023.  See ECF No. 1.  On December 2, 2024, the District Judge issued an order determining that this action proceeds on Plaintiff's original complaint as to his Eighth Amendment excessive force claims against Defendants Godinez, Perez, and Strange.  See ECF No. 70.  According to Plaintiff, Defendants Godinez, Perez, and Strange used excessive force when they shackled Plaintiff's feet and threw him into a van for transport.  See ECF No. 1, pg. 2.  All other claims and Defendants were dismissed.  See id.  Defendants filed their answer on February 5, 2024.  See ECF No. 30.  Following an unproductive settlement conference, the Court issued a discovery and scheduling order on January 28, 2025.  See ECF No. 81.  Pursuant to that order, discovery closed on September 30, 2025.  See id.  By separate order, the Court has vacated the deadline to file dispositive motions pending resolution of the pending motion to revoke Plaintiff's in forma pauperis status.

### B. Plaintiff's Prior Actions

As reflected in Defendants' request for judicial notice, the following is a partial history of Plaintiff's prior actions:

> Foust v. Consumer Attorney Marketing Service, 2:20-cv-2553-WBS-JDP-P.  Action dismissed on December 29, 2021, for failure to state a claim.
>
> Foust v. Hall, 2:16-cv-0142-GEB-AC-P.  Action dismissed on January 24, 2017, for failure to state a claim and failure to comply with order to file an amended complaint.
>
> Foust v. Ogboona, 2:20-cv-2229-JAM-EFB-P.  Action dismissed on May 21, 2021, for failure to state a claim and failure to comply with order to file an amended complaint.
>
> Foust v. Hardin Insurance Company, 2:17-cv-1227-JAM-DKC-P.  Action dismissed on November 1, 2017, for failure to state a claim and failure to comply with order to file an amended complaint.
>
> ECF No. 103.

/ / /

/ / /

2

Because this Court may take judicial notice of its own record, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967), the Court will recommend that Defendants' request for judicial notice be granted and that the Court take judicial notice of the cases outlined above.

## II. DISCUSSION

The Prison Litigation Reform Act's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Here, the Court is satisfied that the cases outlined above as set forth in Defendants' request for judicial notice establishes the existence of three or more "strikes" at the time Plaintiff initiated the instant action. Thus, unless the imminent danger exception applies, Plaintiff is not entitled to proceed in forma pauperis in this action.

As to the imminent danger exception, Defendants argue:

> Here, Foust did not allege that he was under any imminent danger of serious physical injury at the time he filed his original complaint. Moreover, Foust does not allege any facts that even suggest he was under any *imminent* danger at the time of filing. Rather, all of his factual allegations against Defendants Godinez, Perez, and Stranger involved an

alleged incident that took place multiple weeks prior to the filing of his complaint.

ECF No. 102, pg. 7.

The Court agrees and finds that the imminent danger exception does not apply. Specifically, Plaintiff does not allege any ongoing danger as a result of the one-time use of excessive force when he was being transported.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1.    Defendants' request for judicial notice, ECF No. 103, be GRANTED.

2.    Defendants' unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 102, be GRANTED.

3.    Plaintiff be required to pay the $350.00 filing fees in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 14, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4